IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JARYL ELLIS, et al., | ) | Case No. 8:10cv3222 |
| | ) | |
| Plaintiffs, | ) | STIPULATED PROTECTIVE |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ROBERT P. HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

1.      **DEFINITIONS**. Limitations under this Stipulated Protective Order on the use or disclosure of documents and information designated as confidential shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents; and (b) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

2      **CONFIDENTIAL DOCUMENTS/INFORMATION**.  Witness Anne Marie Kenny seeks to protect from disclosure certain confidential information and documents disclosed regarding this action that pertain to certain confidential information obtained by said witness in conducting a survey of cultural attitudes for the Nebraska Department of Correctional Services.  In addition, Ms. Kenny seeks to protect from disclosure certain proprietary and confidential business information, documents and survey tools and methodologies developed by her and/or Wholeworld Enterprises, LLC, a limited liability corporation of which Ms. Kenny is a member. Said documents/information are hereby designated as confidential.  Said documents/information will be retained by counsel for the parties and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

   a.     Counsel who represent the parties to this action, attorneys who are employed or are members of the State Attorney General staff or the law

firm of parties' counsel, retained outside counsel of the parties, or any in house counsel, law clerks, secretaries or paralegals directly involved in the this litigation;

b. Experts and consultants retained by a party to this action for purposes of assisting in the preparation or presentation of claims or defenses;

c. Any trial witness, during the course of trial testimony, when necessary to the testimony of such witness;

d. Any person who was involved in the preparation of the document;

e. The Court, Court personnel, court reporters and similar personnel;

f. and the named parties to this case.

3. <u>RETURN OF DOCUMENTS</u>. Upon completion of this litigation, all documents and copies of the same designated as confidential shall be destroyed or returned to the witness with a signed statement reflecting the disposition of the documents. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

4. <u>USE OF DOCUMENTS</u>. Said confidential documents shall not be used for any purpose except in connection with this pending litigation.

5. <u>WAIVER</u>. Any waiver under this Order must be made in writing.

6. <u>ENFORCEMENT</u>. Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Federal Rules of Civil Procedure.

SO ORDERED this <u>7th</u> day of September, 2011.

BY THE COURT:

_____
United States Magistrate Judge